IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| FERNANDO PALOMARES<br>AND DIANE C. PALOMARES<br>    Plaintiffs<br><br>VS.<br><br>RICHARD LEE ROZAS AND<br>TANNER SERVICES LLC | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>Civil Action No. SA-17-CV-00261-XR |

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

Fernando Palomares and Diane C. Palomares ("Plaintiffs") file their Second Amended Complaint complaining of Defendants Richard Lee Rozas ("Rozas") and Tanner Services LLC ("Tanner"), in support of their causes of action, will respectfully show the following:

I.

**THE PARTIES**

1.1. Plaintiff Fernando Palomares is an indiviudal who has been a resident of, and dominciled in, the State of Texas at all times relevant to this lawsuit.

1.2  Plaintiff Diane C. Palomares is an individual who has been a resident of, and dominciled in, the State of Texas at all times relevant to this lawsuit.

1.3 Defendant Richard Lee Rozas is an individual who has been a resident of, and diminiciled in, Eunice, LA at all times relevant to this lawsuit.  Rozas may be served with process at his last known address of 7103 Chataignier, Eunice, LA 70535 or wherever he may be found.  Rozas has entered an appearance in this action.

1.4  Defendant Tanner Services LLC is a limited liability company in Louisiana and has its principal place of business in Eunice, LA and does business in the State of Texas. Defendant Tanner Services LLC may be served with process by service upon its registered agent Capitol Corporate Services, Inc. at 206 E. 9th Street, Suite 1300, Austin, Texas 78701.4411.  Tanner Services LLC has entered an appearance in this action.

## II.

## JURISDICTION

2.1  The court has diversity jurisdiction over this cause of action because it is a cause of action between citizens of different states (including, on information and belief, each of the members of Tanner Services, LLC) and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(a)(1).

2.2  The Court has specific personal jurisidction over Tanner Services LLC because the claims against them arise out of the acts of their employee or agent in the State of Texas.  Specifically, Tanner's liability arises from and is subtantially related to the operation of its transportation and carrier services in Texas.

2.3  The Court has general personal jurisdiciton over all Defendants because Defendants maintain continuous and systematic contacts with the State of Texas. Specifically:

  a) Vehicles owned and/or operated by Defendant Tanner Services LLC are routinely operated in Texas and is doing business in the State of Texas.

2.4  Defendants have purposefully availed themselves of the privileges and benefits of conducting business in Texas and have several offices and employees in Texas.

## III.

## VENUE

3.1     Venue in this case is proper in the Western District of Texas because Atascosa County, Texas is where the crash the subject of this lawsuit happened, thus the substantial part of the events or omissions giving rise to the claim occurred.  28 U.S.C. § 1391(b)(2).

## IV.

## FACTUAL BACKGROUND

4.1     On February 1, 2017, ROZAS, while in the course and scope of his employment with Tanner Services LLC (hereinafter referred to as "Tanner"), was driving a 2004 Tractor (VIN 1M1AJ06Y15N001182), bearing Louisiana license plate number P219002 (hereinafter "the Freightliner Truck") owned, operated, and maintained by Tanner. Rozas was towing a Trailer (VIN 1L9GA72A46L033616), bearing Louisiana license plate number L692902) (hereinafter "the trailer") owned, operated, and maintained by Tanmar Renals LLC (hereinafter referred to as "Tanmar").  Rozas was stopped facing east at the intersection of US 37 and US 281.  Suddenly and without warning Rozas started moving across the intersection failing to yield the right of way.

4.2     Fernando Palomares and passenger Diane C. Palomares ("Plaintiffs") were traveling southbound on US 281 in a 2006 Nissan XTerra (VIN 5N1AN08U66C550643). Given no warning that the truck was pulling out, Plaintiffs were unable to stop in time and slammed head on into the rear tractor tires of the Freightliner Truck owned by Tanner Services LLC.

4.3  Fernando and Diane Palomares were rushed to University Hospital in Pleasonton from the scene of the crash.

4.4  As a result of the collision, Fernando Palomares experienced severe injuries and excruciating conscious pain and suffering.

4.5  As a result of the collision, Diane Palomares experienced severe injuries and excruciating conscious pain and suffering.

## V.

## VICARIOUS LIABILITY AND NEGLIGENCE

5.1   At the time of the incident in question, Rozas was an employee of Defendant TANNER pursuant to Texas law and the statutory employment doctrine established under the federal laws and regulations governing motor carriers.  At all relevant times, Rozas was acting within the course and scope of his employment for Defendant TANNER.  Defendant TANNER is therefore legally responsible for the negligence of ROZAS under the theory of respondeat superior.

5.2   Alternatively, even if Rozas was an independent contractor, TANNER is liable for Rozas' acts and omissions because this defendant had the right to directly supervise Rozas.

## VI.

## RICHARD LEE ROZAS' NEGLIGENCE

6.1   At the time and on the occasion in question, ROZAS committed acts and/or omissions that collectively and severally constituted negligence and were a proximate cause of Plaintiffs' injuries and damages.

6.2   ROZAS's negligence, includes, but is not limited to, the following:

    a.  Failure to keep a proper lookout;

    b.  Failure to yield right of way;

    c.  Failure to operate his tractor-trailer in a reasonably safe manner; and

    d.    Operating the tractor in unsafe conditions.

6.3   Each of the aforementioned negligent acts and/or omissions of ROZAS, whether taken singularly or in any combination, constitute negligence. Rozas owed a duty to Plaintiffs to exercise reasonable care to avoid a foreseeable risk of injury to Plaintiffs. Rozas's negligence was the proximate cause of injuries of the crash in question and the cause of the injuries to Fernando and Diane Palomares.

## VII.

## CAUSES OF ACTION AGAINST TANNER SERVICES LLC

**Negligence**

7.1   Tanner committed acts of omission and commission that collectively and severally constituted negligence and were a proximate cause of Plaintiffs' injuries and damages.

7.2   Defendant TANNER is also responsible for this crash because it negligently failed to train Rozas not to operate the tractor under unsafe circumstances.

7.3   Tanner was negligent in failing to properly supervise employee driving, train its drivers, and in allowing negligent driving.

7.4   Tanner was negligent in hiring ROZAS.

## XIII.

## DAMAGES

**A.   Fernando Palomares' Damages**

8.1   As a result of Defendants' conduct, Fernando Palomares has suffered serious, permanent and disabling injuries, which have resulted in damages to him both in the

past and in the future, including lost wages, lost earning capacity, physical pain and suffering, mental anguish, disfigurement, physical impairment, loss of consortium and reasonable and necessary expenses for medical care for which recovery is sought herein in an amount far in excess of the $75,000 minimum diversity jurisdiction limits of the federal courts.

**B.      Diane C. Palomares' Damages**

8.2    As a result of Defendants' conduct, Diane C. Palomares has suffered serious, permanent and disabling injuries, which have resulted in damages to her both in the past and in the future, including lost wages, lost earning capacity, physical pain and suffering, mental anguish, disfigurement, physical impairment, loss of consortium and reasonable and necessary expenses for medical care for which recovery is sought herein in an amount far in excess of the $75,000 minimum diversity jurisdiction limits of the federal courts.

## IX.

### PRE-JUDGEMENT AND POST-JUDGMENT INTEREST

9.1    Plaintiffs seek pre-judgment and post-judgment interest at the highest rate allowed by law.

## X.

### JURY DEMAND

10.1   Plaintiffs herein demand a trial by jury.

### PRAYER

Plaintiffs pray that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiffs recover judgment of and from the Defendants for their actual damages in such amount as the evidence may show and the jury may determine to be proper, together with pre-judgment interest, post-judgment interest, costs of suit, and such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

By: /s/ Ray T. Khirallah Jr.
MICHAEL M. GUERRA
Tex. Bar No. 00787603
mike@mmguerra.com
MICHAEL K. BURKE
Tex. Bar No. 24012359
mburke@mmguerra.com
RAY T. KHIRALLAH, JR.
ray@mmguerra.com
Texas Bar No. 24060091

*Attorney-In-Charge for Plaintiffs*

**LAW OFFICES OF MICHAEL M. GUERRA,
   BURKE & KHIRALLAH, LLP**
3707 N. St. Mary's Street
Ste. 200
San Antonio, Texas 78212
(210) 802-6095 – Telephone
(888) 317-8802 – Facsimile

AND

JOE RAMIREZ
Tex. Bar No. 24065942
joe@theramirezlawgroup.com
**RAMIREZ LAW GROUP PLLC**
214 West Cano St.

                                Edinburg, Texas 78539-4324
                                (956) 383-3400
                                *Admission Pending*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document was served upon and forwarded to the following counsel of record via PACER Electronic Service and Email on this the 4th day of September, 2017.

A.J. DIMALINE IV
Email: adimaline@bpgrlaw.com
DAVID A. DuBOIS
Email: dadubois@bpgrlaw.com
BROCK PERSON GUERRA REYNA, P.C.
17339 Redland Road
San Antonio, Texas 78247-2304
T: (210) 979-0100 | F: (210) 979-7810

                                          /s/ Ray T. Khirallah Jr.
                                          _____
                                          Ray T. Khirallah, Jr.